IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JERMAINE ALEXANDER RAMSEY**                                      **PLAINTIFF**

**v.**                                       **CIVIL NO.: 5:20-cv-170-DCB-MTP**

**MANAGEMENT TRAINING & CORPORATION, et al.**         **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [34] filed by Defendant Linda St. Julien. Defendants Scott Middlebrooks, Rosemary Gatlin, and Management and Training Corporation joined in the Motion. *See* [36]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [34] be denied.

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action regarding events which occurred while Plaintiff was incarcerated at Wilkinson County Correctional Facility. *See* [1] at 5. Plaintiff's allegations concern denial of access to courts, denial of access to medical care, and cruel and unusual punishment, including intentional infliction of emotional distress. *See* [1] at 6.

On January 19, 2021, Defendant Linda St. Julien filed a Motion to Dismiss [34] alleging that Plaintiff has not complied with an order issued in the Northern District of Mississippi. Defendant St. Julien also argues that Plaintiff has been assessed three strikes pursuant to 28 U.S.C. § 1915 and that Plaintiff falsely represented that he had never been assessed a strike in his Complaint. After reviewing the cases presented by Defendant St. Julien, the undersigned finds that at the time Plaintiff was granted leave to proceed IFP on October 7, 2020, he had not yet been assessed three strikes.

1

On July 9, 2018, Plaintiff filed a § 1983 action alleging that his constitutional rights were violated when he was denied medical care after an alleged slip and fall in his cell. *See Ramsey v. Morris et al,* Civil Action No. 4:18-cv-145-DAS (N.D. Miss. May 23, 2019) (Order Finding Case to Be Filed Vexatiously, Dismissing Case, Imposing Sanction). The action was ultimately dismissed on May 23, 2019, for failure to state a claim, and a strike was issued. *Id*. The Northern District of Mississippi imposed further sanctions on Plaintiff for submitting documents that the court determined were falsified. *Id*. The Magistrate Judge in the case directed Plaintiff to provide "a quantum of documentary proof, other than his sworn statement or documents bearing only his own signature, to support each claim he brings" in future cases. *Id*.

On October 1, 2018, Plaintiff filed another §1983 action asserting that his wedding ring was stolen while he was incarcerated at Marshall County Correctional Facility ("MCCF"). *See Ramsey v. Morris*, Civil Action No. 4:18-cv-195 (N.D. Miss. March 4, 2019) (Final Judgment). The case was dismissed for failure "to assert a cognizable constitutional violation" and a strike, his second, was issued on March 4, 2019. *Id.*

Plaintiff also filed a complaint alleging that he was denied medical care while incarcerated at MCCF. *See Ramsey v. Management Training Corp. et al*, Civil Action No.: 4:18-cv-178-RP (N.D. Miss. Oct. 15, 2019) (Memorandum Opinion and Order). While the Northern District granted summary judgment for the defendants, Plaintiff appealed the decision to the Fifth Circuit. *See Ramsey v. Management Training Corp. et al*, Civil Action No. 19-60820 (5th Cir. Nov. 19, 2020) (per curiam opinion). The Fifth Circuit dismissed Plaintiff's appeal as frivolous and entered a strike against Plaintiff on November 19, 2020. *Id*. Because this strike was assessed on November 19, 2020, it was not in place at the time Plaintiff was granted leave to proceed IFP here.

Two additional cases filed by Plaintiff were dismissed as vexatious by the Northern District of Mississippi. *See Ramsey v. Morris et al*, 4:18-cv-220-NBB-RP (N.D. Miss. Oct. 16, 2020) (Order of Dismissal); *see also Ramsey v. Management Training Corp. et al*, 4:19-cv-6-RP (N.D. Miss. Nov. 9, 2020) (Final Judgment Dismissing Case as Vexatious). However, both of these cases were decided after the instant matter was filed and Plaintiff was granted IFP status.

It is clear from the record that Plaintiff has received three strikes, but it appears that only two of these strikes occurred before the instant action was filed. Revocation of IFP status is not appropriate for post-filing strikes. *See Lopez v. U.S. Dep't of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) ("The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike."); *see also Young v. Kelly*, No. CV 20-2131, 2020 WL 8571662, at *4 (E.D. La. Dec. 21, 2020) (discussing post-filing strikes and determining that revocation of IFP status for a later received strike would not be in line with the language of §1915(g)); *see also* 28 U.S.C. § 1915(g).[1] Therefore, Plaintiff should be permitted to continue to proceed IFP.

Defendant St. Julien also asserts that Plaintiff's claims should be dismissed for misrepresenting the fact that he previously received a strike and for failing to comply with a sanction order issued by the Northern District of Mississippi. *See* [35] at 3. While Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal for failing to comply with court orders, the Fifth Circuit has held that "dismissal with prejudice is the ultimate sanction which should be imposed only after full consideration of the likely effectiveness of less-stringent measures."

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more **prior** occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

3

*Farmer v. Louisiana Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 390 (5th Cir. 2014) (internal quotation marks omitted).

Due to the extreme nature of a Rule 41(b) dismissal, the undersigned recommends that Defendant's Motion [34] be denied until such time as a *Spears*[2] hearing can be conducted. At the hearing, Plaintiff will have an opportunity to clarify and amend his allegations. *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint). Once that process is complete, the Court will set a deadline for dispositive motions and assess whether other action is necessary.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [34] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 21st day of April, 2021.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE