IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JERMAINE ALEXANDER RAMSEY                         PLAINTIFF

v.                              CIVIL NO.: 5:20-cv-170-DCB-MTP

MANAGEMENT TRAINING & CORPORATION, et al.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge Michael
T. Parker's Report and Recommendation.  [ECF No. 41].  No party
filed objections to the Report and Recommendation, and the
deadline for filing such objections has passed.  Having
carefully reviewed the Report and Recommendation, the Motion to
Dismiss [ECF No. 34] (the "Motion") filed by Defendant Linda St.
Julien and joined by all Defendants in this matter [ECF No. 36],
other filings in this matter, and applicable law, the Court
finds as follows:

Jermaine Alexander Ramsey ("Plaintiff"), proceeding pro se
and in forma pauperis ("IFP"), filed this action regarding
certain alleged events, including a denial of access to medical
care and the courts, which occurred while Plaintiff was
incarcerated at Wilkinson County Correctional Facility. [ECF No.
1 at 5].  In the Motion, Defendants claim that Plaintiff's

filing of this action violated an order issued by the Northern

District of Mississippi.[1]  They further claim that,

notwithstanding Plaintiff's representation to the contrary in

his Complaint [ECF No. 1 at 9, ¶ VIII], Plaintiff already has

been assessed "three strikes" pursuant to 28 U.S.C. § 1915(g)[2]

---

[1] Magistrate Judge Sanders of the Northern District of
Mississippi ordered:  **"In addition, in future cases, Mr. Ramsey
must provide a quantum of documentary proof, other than his
sworn statement or documents bearing only his own signature, to
support each claim he brings.** This will enable the plaintiff to
seek relief in federal court for actual violations of his rights
by prison officials — but would prevent him from simply
concocting claims and sending in forms of his creation to
substantiate those claims. The proof need not rise to the level
of supporting a prima facie case for each claim, but must be
sufficient to give rise to a reasonable inference that the
events described in the plaintiff's allegations actually
occurred."  Ramsey v. Warden Timothy Morris, et al., No. 4:18-
CV-145-DAS, 2019 U.S. Dist. LEXIS 87087, at *8-9 (N.D. Miss. May
23, 2019)(emphasis in the original).

[2] 28 U.S.C.A. § 1915(g) of the Prison Litigation Reform Act
("PLRA"), which is known as the "three-strikes rule", limits a
prisoner's ability to file suit IFP and provides:

> **(g)** In no event shall a prisoner bring a civil action
> or appeal a judgment in a civil action or proceeding
> under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

28 U.S.C.A. § 1915(g)(West).  The United States Supreme Court
has explained the purpose of the three-strikes rule as follows:

> To help staunch a "flood of nonmeritorious" prisoner
> litigation, the Prison Litigation Reform Act of 1995

and is therefore barred from bringing this action.  [ECF No. 35 at 2].

In the Report and Recommendation now before the Court, the Magistrate Judge concluded:

> It is clear from the record that Plaintiff has received three strikes, but it appears that only two of these strikes occurred before the instant action was filed.  Revocation of IFP status is not appropriate for post-filing strikes. *See Lopez v. U.S. Dep't of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) ("The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike."); *see also Young v. Kelly*, No. CV 20-2131, 2020 WL 8571662, at *4 (E.D. La. Dec. 21, 2020) (discussing post-filing strikes and determining that revocation of IFP status for a later received strike would not be in line with the language of §1915(g)); *see also* 28 U.S.C. § 1915(g). …  Therefore, Plaintiff should be permitted to continue to proceed IFP.

[ECF No. 41 at 3].

Regarding the Defendants' arguments that Plaintiff misrepresented his history of strikes in the Complaint and that

---

(PLRA) established what has become known as the three-strikes rule. Jones v. Bock, 549 U.S. 199, 203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). That rule generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723, 207 L. Ed. 2d 132 (2020); see also Williams v. Scheef, 824 F. App'x 268, 269 (5th Cir. 2020).

he violated the Northern District's order, see note 1 supra, the Magistrate Judge found that a dismissal with prejudice would be an extreme sanction and considered instead "'the likely effectiveness of less-stringent measures.' *Farmer v. Louisiana Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 390 (5th Cir. 2014) (internal quotation marks omitted).'"   [ECF No. 41 at 3-4].  The Magistrate Judge recommended that the Motion be denied until such time as a Spears hearing could be conducted.  Id. at 4; See Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("The district courts should use with greater frequency the device of referring prisoners' cases to magistrates for § 1915(d) determinations and for Rule 12(b)(6) review of specific claims. … [L]imited judicial resources might then be utilized more timely and more efficaciously to resolve those cases in which relief should be granted.").

The Court finds that resolution of the three-strikes issue raised in the Motion and addressed in the Report and Recommendation turns on the application of 28 U.S.C. § 1915(g) to the history of prior federal actions that Plaintiff has filed, and courts have dismissed.  Coleman v. Tollefson, 575 U.S. 532, 537, 135 S.Ct. 1759, 1763 (2015) ("The 'three-strikes' provision applies where a prisoner 'has, on 3 or more prior

occasions … brought an action or appeal … *that was dismissed* on'
certain grounds.  § 1915(g) (emphasis added).").  Plaintiff
filed the instant action on August 21, 2020, which is the
relevant date for purposes of the Court's three-strikes
analysis.  See <u>Alexander v. Tex. Dep't of Criminal Justice</u>, 951
F.3d 236, 246 (5th Cir. 2020) (Ho, J., concurring) ("The
statutory text states that courts must count findings of
frivolousness 'prior' to 'a prisoner bring[ing] a civil action
or appeal,' 28 U.S.C. § 1915(g)—not prior to 'a court's decision
to grant or deny a motion to proceed *in forma pauperis*' … .").
A PACER (Public Access to Court Electronic Records) search
reveals the following history of dismissed actions that
Plaintiff brought prior to his filing of this action (listed in
chronological order based on the date of the final order of
dismissal):

1.  August 31, 2009 - <u>Ramsey v. Kelly</u>, Civ. No. 4:08-cv-
00116 (S.D. Miss. Aug. 31, 2009) (Petition for Writ of Habeas
Corpus dismissed with prejudice).  This case does not count as a
strike.  The PLRA does not apply to habeas actions, which
actions therefore do not count as strikes under Fifth Circuit
precedent.  <u>Brown v. Megg</u>, 857 F.3d 287, 291 (5th Cir. 2017)
("Indeed, the three strikes provision does not apply
to habeas actions as they 'are considered something different

from traditional civil actions.' *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)").

2.   August 29, 2017 - <u>Ramsey v. Management Training & Corporation</u>, Civ. No. 3:16-cv-00867 (S.D. Miss. Aug. 29, 2017) (defendant's motion for summary judgment granted and Section 1983 complaint dismissed without prejudice).  This case does not count as a strike against Plaintiff because dismissals on summary judgment do not count as strikes.  <u>Megg</u>, 857 F.3d at 290-92 (because some of inmate's claims got past pleading stage to summary judgment, strike should not be imposed).

3.   March 4, 2019 - <u>Ramsey v. Morris</u>, Civ. No. 4:18-cv-195 (N.D. Miss. Mar. 4, 2019)(dismissing complaint with prejudice "as frivolous and/or for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), counting as a 'strike' under 28 U.S.C. § 1915(g)").  The Court agrees that this action counts as a strike against Plaintiff, the first for purposes of the instant case.

4.   May 23, 2019 - <u>Ramsey v. Warden Timothy Morris, et al.</u>, Civ. No. 4:18-cv-145 (N.D. Miss. May 23, 2019) (case partially dismissed for failure to state a claim on 11/06/18 and the

remainder dismissed with prejudice as vexatious on 5/23/19;

sanction imposed).[3]

     5.   October 15, 2019 - <u>Ramsey v. Management Training Corp.</u>

<u>et al</u>, Civil Action No.: 4:18-cv-178 (N.D. Miss. Oct. 15, 2019)

(Memorandum Opinion and Order granting summary judgment for the

defendants).  As noted above, dismissals on summary judgment do

not count as strikes.  <u>Megg</u>, 857 F.3d at 290-92.  Plaintiff

appealed this decision to the Fifth Circuit.  See item no. 8

below.

     **The judgments in the following cases were rendered after
     Plaintiff filed this action on August 21, 2020:**

---

[3] The Court recognizes that the case listed in item no. 4 above,
<u>Ramsey v. Warden Timothy Morris, et al.</u>, No. 4:18-CV-145-DAS,
2019 U.S. Dist. LEXIS 87087 (N.D. Miss. May 23, 2019), was
dismissed in part for failure to state a claim upon which relief
can be granted (one of the three criteria for imposing a strike
under Section 1915(g)) and in part for constituting a
"vexatious" filing.  See PACER, N.D. Miss. Case: 4:18-cv-145-
DAS, ECF No. 19 (order of partial dismissal for failure to state
a claim filed 11/06/18) and ECF No. 71 (order dismissing
remaining claims as vexatious filed May 23, 2019).  Under <u>Megg</u>,
a strike issues only when the entire case is dismissed for being
frivolous, malicious, or failing to state a claim.  <u>Megg</u>, 857
F.3d at 290.  While the term "vexatious" does not appear in
Section 1915(g) as a ground for imposing a strike, the Court
notes that Magistrate Judge Sanders expressed a clear intent in
his final order of dismissal that the action should count as a
Section 1915(g) strike against Plaintiff.  <u>Ramsey</u>, 2019 U.S.
Dist. LEXIS 87087, at *9 ("**The dismissal of this case with
prejudice as vexatious counts as a 'STRIKE' under 28 U.S.C. §
1915(g).**")(emphasis in the original).  However, the Court need
not decide at this time whether Civil Action No. 4:18-cv-145
counts as a strike to bar Plaintiff's filing of the instant case
because, even if it were to count, Plaintiff still would not
have accrued a total of three strikes prior to his filing of
this case on August 21, 2020.

6.  October 16, 2020 - <u>Ramsey v. Morris</u>, Civ. Act. No. 4:18-cv-220 (N.D. Miss. Oct. 16, 2020) (dismissed as vexatious).

7.  November 9, 2020 - <u>Ramsey v. Management Training Corp.</u>, Civ. Act. No. 4:19-cv-6 (N.D. Miss. Nov. 9, 2020)(dismissed with prejudice as vexatious).

8.  November 19, 2020 - <u>Ramsey v. Management Training Corp.</u>, Appeal No. 19-60820 (5th Cir. Nov. 19, 2020)(dismissing appeal as frivolous).  This case appealed <u>Ramsey v. Management Training Corp. et al</u>, Civil Action No. 4:18-cv-178 (N.D. Miss. Oct. 15, 2019), which was dismissed on summary judgment.  <u>See</u> item no. 5 above.[4]

Because the actions listed in item nos. 6 through 8 above were dismissed **after** the instant case was filed, the Court finds that they do not count as Section 1915(g) strikes against Plaintiff for the purposes of this case.  Like the court in <u>Young v. Kelly</u>, No. CV 20-2131, 2020 WL 8571662, at *4 (E.D. La. Dec. 21, 2020), this Court finds Judge Ho's temporal analysis of Section 1915(g) in his concurring opinion to <u>Alexander v. Tex.</u>

---

[4] While the district court dismissal of <u>Ramsey v. Management Training Corp. et al</u>, Civil Action No. 4:18-cv-178 (N.D. Miss. Oct. 15, 2019), on summary judgment does not count as a strike, <u>Megg</u>, 857 F.3d at 290-92, the Fifth Circuit dismissal for the filing of a frivolous appeal will be a strike against Plaintiff in cases that he files after November 19, 2020 (the date of the Fifth Circuit dismissal).

Dep't of Criminal Justice, 951 F.3d at 246, to be instructive.
The court in Young explained:

> Although the United States Fifth Circuit Court of
> Appeals has not expressly spoken on this issue, at
> least one Circuit Judge reached a similar conclusion
> in a concurrence in a recent case. See Alexander v.
> Texas Department of Criminal Justice, 951 F.3d 236,
> 246 (5th Cir. 2020) (Ho, J., concurring) ("The
> statutory text states that courts must count findings
> of frivolousness 'prior' to 'a prisoner bring[ing] a
> civil action or appeal,' 28 U.S.C. § 1915(g)....
> Imagine the following situation: A prisoner has
> accrued two strikes. He files a new lawsuit and seeks
> IFP status. He subsequently receives a third strike in
> a previously filed action or appeal. Would that third
> strike result in a denial of IFP status in the new
> pending lawsuit? No: The third strike would be an
> 'occasion' under the statute – but not one 'prior' to
> the 'prisoner bring[ing] a civil action or appeal.' 28
> U.S.C. § 1915(g)."). The undersigned similarly finds
> that reading more closely adheres to the language
> employed by Congress in § 1915(g).

Young v. Kelly, No. CV 20-2131, 2020 WL 8571662, at *4 (E.D. La.
Dec. 21, 2020)(quoting and adopting the concurring judge's
three-strikes analysis in Alexander, 951 F.3d at 246 (Ho, J.,
concurring)); see also Parker v. Montgomery Cty. Corr. Facility,
870 F.3d 144, 153 (3d Cir. 2017) ("In our view, the term 'prior'
sets a temporal parameter, referring only to strikes accrued
earlier in time … ."); but see Cruse v. Correctional Medical
Associates, et al., No. 1:16-CV-68-LG-RHW, 2016 WL 7477554 (S.D.
Miss. Dec. 29, 2016) (revoking IFP status where third strike
occurred during the pendency of the case under review).

9

Finally, given the Court's conclusion that Plaintiff had not accrued three strikes when he filed this action, the Court agrees with the Magistrate Judge that imposing the requested sanction of dismissal under Rule 41(b) would not be appropriate at this time.  Fed. R. Civ. P. 41(b).[5]  In lieu of a Rule 41(b) dismissal, the Magistrate Judge recommended, and the Court agrees, that a Spears hearing should be conducted during which "Plaintiff will have an opportunity to clarify and amend his allegations." [ECF No. 41 at 4]; see also Spears, 766 F.2d at 179.  In accordance with the Fifth Circuit's directive in Spears, the actual nature of Plaintiff's complaint should be determined at the hearing, and Plaintiff must demonstrate to the Magistrate Judge "that his claims have sufficient prima facie merit to justify the expense of litigation."  Spears, 766 F.2d at 182 & n.3.

In conclusion, the Court cautions Plaintiff -- and all litigants -- that the Court's findings in this Memorandum Opinion and Order should not be interpreted as an indication of

---

[5] Federal Rule of Civil Procedure 41(b) provides:

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

tolerance on the part of the Court toward repetitive, frivolous, malicious, or vexatious lawsuits.  To the contrary, serial filers of frivolous lawsuits will face the consequences of their actions in this and other federal courts.  See, e.g., Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990) ("Like every other pastime, recreational litigation has its price; … sanctions … are imposed for the very purpose of causing the would-be pro se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation.").

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 41] is ADOPTED in part and MODIFIED in part in accordance with the findings and conclusions in this MEMORANDUM OPINION AND ORDER; and

IT IS FURTHER ORDERED that the Magistrate Judge shall conduct a Spears hearing as recommended in the Report and Recommendation and as discussed herein; and

IT IS FURTHER ORDERED that the Motion to Dismiss [ECF No. 34] is denied at this time.

SO ORDERED this the 3rd day of August, 2021.

/s/  David Bramlette
UNITED STATES DISTRICT JUDGE