IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JERMAINE ALEXANDER RAMSEY                                    PLAINTIFF

v.                                      CIVIL NO.: 5:20-cv-170-DCB-MTP

MANAGEMENT TRAINING & CORPORATION, et al.           DEFENDANTS

ORDER REGARDING MOTION TO VACATE REFERRAL

This matter is before the Court on Jermaine Alexander Ramsey ("Plaintiff")'s "Motion to Vacate a Referral to Magistrate Under Rule 73(b)(3) Fed. R. Civ. P." [ECF No. 76], in which Plaintiff asks the Court to withdraw the referral to Magistrate Judge Michael T. Parker.  It appears to the Court that Plaintiff's request under Rule 73(b)(3) is misplaced. Federal Rule of Civil Procedure 73 addresses the procedures that must be followed when the parties wish for a magistrate judge to conduct a civil action, including a jury or nonjury trial. FED. R. CIV. P. 73; see also 28 U.S.C. § 636(c).  This type of referral to a magistrate judge requires the consent of both parties.  FED. R. CIV. P. 73 (a),(b); 28 U.S.C. §636(c).  No such referral or consent under Rule 73 has occurred in this case. The parties have not asked for the Magistrate Judge to preside over a trial of this matter or conduct other specific proceedings.  There is no Rule 73 referral in this case, and the

1

relief that Plaintiff seeks under Rule 73(b)(3) is not available to him.  Even if Rule 73(b)(3) were applicable, it would afford no relief to Plaintiff because he has failed to show the "extraordinary circumstances" necessary to vacate a referral. FED. R. CIV. P. 73(b)(3); 28 U.S.C. § 636(c)(4); see also IFG Port Holdings, LLC v. Lake Charles Harbor & Terminal Dist., No. 2:16-CV-0146, 2021 WL 149471, at *5 (W.D. La. Jan. 15, 2021) (party failed to show extraordinary circumstances necessary for district court to exercise its discretion to vacate the referral to the magistrate judge).

    The referral to the Magistrate Judge in this matter occurred pursuant to this Court's Order of Referral [ECF No. 20] under 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure.[1]  The Fifth Circuit has held unequivocally that no consent of the parties is required for such a referral.  Newsome v. E.E.O.C., 301 F.3d 227, 230 (5th

---

[1] The Order of Referral provides in part:

> That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement. This Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

[ECF No. 20] (emphasis in the original).

Cir. 2002) ("The consent of the parties is not required under this section"); see also Newsome v. Crews, No. 3:07CV560TSL-LRA, 2008 WL 11343424, at *3 (S.D. Miss. Dec. 1, 2008) ("The Order of Referral was made pursuant to 28 U.S.C. § 636(b)(1)(B) and 72(b) of the Federal Rules of Civil Procedure, for which no consent is required …."). The district court docket in this matter confirms that on November 30, 2020, the date that the Order of Referral was entered, a copy of the order was mailed to Plaintiff.

On this record, there is no reason whatsoever under law or in fact to vacate the Court's referral to Magistrate Judge Parker. Plaintiff's motion is frivolous. Numerous warnings have been issued to Plaintiff regarding frivolous filings in this case and in many other cases that Plaintiff has pursued. The Court will not tolerate further frivolous filings and will not hesitate to sanction Plaintiff should this happen again.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate a Referral to Magistrate [ECF No. 76] is DENIED.

SO ORDERED this the 14th day of October 2021.

                                             /s/ David Bramlette
                                             UNITED STATES DISTRICT JUDGE