```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JERMAINE ALEXANDER RAMSEY                              PLAINTIFF


v.                              CIVIL NO.: 5:20-cv-170-DCB-MTP


MANAGEMENT TRAINING & CORPORATION, et al.             DEFENDANTS
```

## ORDER

Before the Court are multiple post-judgment motions filed by Plaintiff Jermaine Alexander Ramsey ("Plaintiff"). Plaintiff has filed three Motions for Relief from a Judgment or Order under various subsections of Federal Rule of Civil Procedure 60(b), Rule 60(d)(3) and Rule 61 [ECF Nos. 109, 116, 118] and a Motion for Leave to Appeal In Forma Pauperis [ECF No. 111]. Defendant Linda St. Julian filed a Response in Opposition [ECF No. 113] to Plaintiff's first Motion for Relief [ECF No. 109], and Defendants Scott Middlebrooks, Rosemary Gatlin, and Management and Training Corporation joined in the opposition. [ECF No. 114]. Plaintiff also has filed a Notice of Appeal [ECF No. 110] regarding the Court's dismissal without prejudice of this action for failure to exhaust administrative remedies [ECF No. 107] and entry of final judgment [ECF No. 108]. Having

1

reviewed the parties' submissions, the record, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds that Plaintiff's post-judgment motions and his request for leave to appeal in forma pauperis must be denied as follows:

With respect to Plaintiff's three Motions for Relief from a Judgment or Order under Rules 60(b), Rule 60(d)(3) and Rule 61 [ECF Nos. 109, 116, 118], the Court finds the motions to be repetitive and frivolous.  The Fifth Circuit has explained that successive post-judgment motions are "condemned by well-established authority in this and other circuits." Charles L.M. v. N.E. Indep. Sch. Dist., 884 F.2d 869, 870 (5th Cir. 1989); see also Thomas v. Stafflink, Inc., 855 F. App'x 983, 984 (5th Cir. 2021).  Substantively, the Court finds that Plaintiff has not demonstrated the existence of any of the grounds enumerated under Rules 60(b) or 60(d)(3) that would entitle him to relief. His reliance on Rule 61 (Harmless Error) is misplaced, and the numerous other rules of civil procedure that Plaintiff indiscriminately cites (e.g., Rules 62(a) and 81(d)(3)) throughout his motions are either inapplicable or offer no support to his request for post-judgment relief.  Plaintiff's post-judgment motions for relief [ECF Nos. 109, 116, 118] are without merit and will be denied.

Regarding Plaintiff's Motion for Leave to Appeal In Forma Pauperis [ECF No. 111], Plaintiff was granted leave to proceed in forma pauperis on October 7, 2020.  [ECF No. 7].  "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith." FED. R. APP. P. 24(a)(3)(A).  Similarly, 28 U.S.C. § 1915(a)(3) provides that leave to proceed in forma pauperis on appeal shall be denied if the district court determines that the appeal is not taken in good faith.  An appeal is not taken in good faith if the appeal presents a frivolous issue, i.e., when there is no arguable legal or factual basis for the claim.  See Vaughn v. Barnett, No. 5:18-cv-126-RWS, 2019 WL 6170910, at *1 (E.D. Tex. Jan. 31, 2019).  In certifying that an appeal would not be taken in good faith, a district court may incorporate by reference its decision dismissing the plaintiff's complaint on the merits with or without supplementation. Baugh v. Taylor, 117 F.3d 197, 202 n.21 (5th Cir. 1997).

It is the opinion of the Court that the appeal now pursued by Plaintiff is not taken in good faith.  In support of this conclusion, the Court incorporates by reference its Order that

dismissed without prejudice Plaintiff's action for failure to exhaust administrative remedies. [ECF No. 107].

The Court further notes that, on December 3, 2021, the Fifth Circuit ruled in an appeal from the Northern District of Mississippi that Plaintiff now has accumulated at least three strikes under 28 U.S.C. § 1915(g) and is barred from proceeding in forma pauperis as set forth in the panel's opinion:

> Our dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Ramsey has two other strikes. *See Ramsey v. Mgmt. Training & Corp., MTC*, 829 F. App'x 693, 694 (5th Cir. 2020); *Ramsey v. Mgmt. Training & Corp., MTC*, 4:18-CV-195 (N.D. Miss. Mar. 4, 2019). Because Ramsey now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to further sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

Ramsey v. Mgmt. Training & Corp., No. 20-61100, 2021 WL 5768109, at *1 (5th Cir. Dec. 3, 2021) (emphasis in the original).[1]

---

[1] The Court wishes to clarify that, given its determination of Plaintiff's failure to appeal in good faith, the Court's denial of Plaintiff's Motion for Leave to Appeal In Forma Pauperis [ECF No. 111] stands on its own and is not dependent on the Fifth Circuit's three-strikes ruling against Plaintiff on December 3, 2021. Plaintiff's Notice of Appeal in the instant matter was filed in the Clerk's Office for the Southern District of

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's three Motions for Relief from a Judgment or Order [ECF Nos. 109, 116, 118] are DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Proceed on Appeal In Forma Pauperis [ECF No. 111] is DENIED.

SO ORDERED this the 16th day of December 2021.

                                               /s/  David Bramlette
                                        UNITED STATES DISTRICT JUDGE

---

Mississippi on November 23, 2021 [ECF No. 110] and was docketed in the Fifth Circuit as Court of Appeals Case No. 21-60900 on November 24, 2021, some days prior to the Fifth Circuit's three-strikes ruling cited above.  Temporal issues, if any, regarding the Fifth Circuit's subsequent bar against Plaintiff under 28 U.S.C. § 1915(g) are of no consequence to the result reached herein.