```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

JERMAINE ALEXANDER RAMSEY                              PLAINTIFF

v.                              CIVIL NO.: 5:20-cv-170-DCB-MTP

MANAGEMENT TRAINING & CORPORATION, et al.             DEFENDANTS

## ORDER

This matter is before the Court on Jermaine Alexander Ramsey ("Plaintiff")'s (i) "Motion for Relief from a Judgment or Order Under Rule 60(b)(1) Federal Rules Of Civil Procedure" [ECF No. 121]; and (ii) "Motion To Alter Or Amend A Judgment" [ECF No. 123].  This is not the first time that Plaintiff has filed multiple post-judgment motions in this closed case. Plaintiff already has filed three (3) Motions for Relief from a Judgment or Order, [ECF Nos. 109, 116, 118], all of which were without merit and denied.  See Order [ECF No. 119].  Not only did Plaintiff file the pending motions post-judgment, but he also filed them post-appeal.[1]  Like Plaintiff's earlier post-

---

[1] On November 23, 2021, Plaintiff noticed an appeal of this Court's final judgment to the United States Court of Appeals for the Fifth Circuit.  [ECF No. 110].  The Fifth Circuit dismissed Plaintiff's appeal stating: "the appeal is dismissed as of January 27, 2022, for want of prosecution. The appellant failed to timely pay the fee."  [ECF No. 125].

1

judgment filings, the pending motions are redundant, abusive of the judicial process, and wholly without merit.

Substantively, the Court finds that neither motion demonstrates any grounds for relief under Federal Rule of Civil Procedure 60 or any subsection thereto cited by Plaintiff. [ECF Nos. 121 & 123]. With respect to Plaintiff's Motion to Alter or Amend a Judgment brought under Federal Rule of Civil Procedure 59(e) [ECF No. 123], the motion appears to be time-barred.[2]

Successive post-judgment motions are "condemned by well-established authority in this and other circuits." Charles L.M. v. N.E. Indep. Sch. Dist., 884 F.2d 869, 870 (5th Cir. 1989); see also Thomas v. Stafflink, Inc., 855 F. App'x 983, 984 (5th Cir. 2021). The Court admonishes Plaintiff that:

    1. Rule 59(e) motions to alter or amend the judgment in this matter are now time-barred.

    2. Rule 60 motions are not a substitute for the ordinary method of redressing judicial error – appeal. Plaintiff's recourse was to appeal the Court's

---

[2] Plaintiff's Motion to Alter or Amend a Judgment [ECF No. 123] cites to Rule 59(e) and various other indiscriminately cited rules. The motion lacks clarity. The Court construes it as a request to alter or amend the final judgment rendered on November 8, 2021. Plaintiff's motion to alter or amend was filed in the Clerk's Office on January 12, 2022, more than 28 days after the entry of final judgment. It is therefore time-barred.

decision (which the Fifth Circuit has dismissed), not to repeatedly file post-judgment motions in this Court.

Alvestad v. Monsanto Co., 671 F.2d 908, 912 (5th Cir. 1982); Gillespie v. BAC Home Loans Servicing, LP, No. 4:11-CV-388-A, 2013 WL 12085498, at *1 (N.D. Tex. Apr. 4, 2013).  Given the pattern of frivolous filings in this lawsuit, Plaintiff is **warned** that he will face sanctions, which may include monetary penalties, if he continues to abuse judicial resources by filing frivolous motions in this closed case.  See Moore v. Thaler, No. CV H-08-2309, 2011 WL 13123880, at *3 (S.D. Tex. Aug. 30, 2011).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's (i) "Motion for Relief from a Judgment or Order Under Rule 60(b)(1) Federal Rules Of Civil Procedure" [ECF No. 121]; and (ii) "Motion To Alter Or Amend A Judgment" [ECF No. 123] are **DENIED.**

SO ORDERED this the 11th day of July 2022.

                                         /s/  David Bramlette
                                       United States District Judge